UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DONALD MICHAEL RICHARDSON ]
    Petitioner, ]
     ]
v. ]   No. 3:11-0758
     ]   Judge Nixon
UNITED STATES OF AMERICA ]
    Respondent. ]

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Camp in Texarkana, Texas. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

### I. Background

The petitioner was originally charged with being a convicted felon in possession of a firearm. Facing a mandatory minimum of one hundred eighty (180) months in prison, the petitioner entered into a plea agreement whereby he pled guilty to the lesser charge of possessing a stolen firearm. United States v. Donald Michael Richardson, Criminal No.3:08-00221 (M.D. Tenn.)(Echols, S.J., presiding); Docket Entry No.59. For this crime, he received a sentence of one hundred twenty (120)

1

months in prison, to be followed by two years of supervised release. *Id.*, at Docket Entry No.67.[1]

The petitioner filed a *pro se* Notice of Appeal. *Id.*, at Docket Entry No.69. Later, though, the petitioner withdrew his appeal of the conviction. *Id.*, at Docket Entry No.75.

## II. Procedural History

On August 8, 2011, the petitioner filed the instant § 2255 motion to vacate, set aside or correct sentence (Docket Entry No.1). In this motion, the petitioner asserts five claims for relief. These claims include

1) the evidence was insufficient to support petitioner's conviction for possessing a stolen firearm;

2) the petitioner was denied the effective assistance of counsel because his attorney
   a) "refused to file pretrial Motions that were requested constantly";
   b) provided petitioner with inaccurate and misleading information;
   c) coerced petitioner to accept "an excessive sentence with no rights to appeal";[2] and

3) the wrong sentencing guidelines were used in the calculation of the petitioner's sentence.

---

[1] The petitioner was sentenced by the undersigned.

[2] Caryll Alpert, an Assistant Federal Public Defender, was originally appointed to represent the petitioner. Prior to pleading guilty, she was replaced by Charles Buckholts, a member of the Davidson County Bar. Petitioner's ineffective assistance claims all appear to be directed at Ms. Alpert. *See* Docket Entry

2

Upon its receipt, the Court reviewed the motion and determined that it was not facially frivolous. Accordingly, by an order (Docket Entry No.3) entered October 12, 2011, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court are the government's Response (Docket Entry No.12) to the petitioner's § 2255 motion and the petitioner's Rebuttal (Docket Entry No.15) to the government's Response.

Having carefully considered the pleadings and the record, it does not appear that an evidentiary hearing is needed in this matter. see Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Consequently, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

### III. Analysis of the Claims

Upon entering a valid guilty plea, a criminal defendant waives all non-jurisdictional antecedent defects in the proceedings. See United States v. Lanier, 201 F.3d 842, 846-847

---

No.2 at pgs.6-8,12.

3

(6th Cir. 2000). A criminal defendant may further agree, via the terms of a plea agreement, to waive any right, even a constitutional right, United States v. Ashe, 47 F.3d 770, 775-776 (6th Cir. 1995), including the right to appeal a conviction or sentence, United States v. Fleming, 239 F.3d 761, 763-764 (6th Cir. 2001), and the right to seek collateral post-conviction relief. Watson v. United States, 165 F.3d 486, 488-489 (6th Cir. 1999). As long as the criminal defendant has knowingly, intelligently and voluntarily waived his rights, the terms of a plea agreement will be enforced. *Id.*, at pg. 489.

In this case, the petitioner agreed to waive his right to a direct appeal or collateral review of the conviction and sentence, with the exception of "a claim of voluntariness, prosecutorial misconduct, or ineffective assistance of counsel". United States v. Donald Michael Richardson, *supra*, Docket Entry No.59 at pg.16. Therefore, to the extent that the petitioner is questioning the sufficiency of the evidence (Claim No.1) to support his conviction and the validity of his sentence (Claim No.3), he has waived his right to do so. Petitioner's waiver of this right appears from the record to have been a knowing, intelligent and voluntary decision. *Id.*, at pg.18. In addition to signing that he "carefully reviewed every part of" the plea agreement and "voluntarily agree[d] to it" (*id.*), petitioner was

4

also thoroughly questioned by Judge Robert L. Echols in the plea hearing on June 30, 2010, and stated he understood the rights he was waiving and the terms of his plea, and agreed to them, *id.*, Docket Entry No.59 at pp.6-13. As a consequence, these claims are not properly before the Court.

In any event, the petitioner did not pursue on direct appeal his claims of insufficient evidence and an excessive sentence. An issue that has been waived on direct appeal may not be considered in a § 2255 motion unless the petitioner can show cause for the failure to raise it and actual prejudice resulting from the alleged error. Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The validity of the petitioner's agreement to waive direct appeal of these issues has not been seriously questioned. Thus, in the absence of a showing of cause and prejudice, these issues are not actionable.

The petitioner, however, did not waive his right to challenge the effectiveness of counsel (Claim Nos.2a-c) in a § 2255 action. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759,771 (1970). For an ineffective assistance of counsel claim to succeed, the defendant must show that counsel's performance was deficient— that is, it "fell below an objective standard of reasonableness"

—and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. When a court considers such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner argues that his attorney, Caryll Alpert, was ineffective for failing to file pretrial motions (Claim No.2a), providing the petitioner with inaccurate and misleading information (Claim No.2b), and for coercing him to accept "an excessive sentence with no rights to appeal" (Claim No.2c).

From the record, it is clear that the petitioner was not satisfied with Ms. Alpert's representation. As a result, Ms. Alpert was allowed to withdraw on April 12, 2010. United States v. Donald Michael Richardson, supra, Docket Entry No.49. That same day, Charles Buckholts was appointed to replace her. Id., at Docket Entry No.50. More than two months later, the petitioner filed a Petition to Enter a Plea of Guilty. Id., Docket Entry No.59.

This amount of time is significant in countering his three

6

claims of ineffective assistance of counsel and prejudice. First, from the time that Ms. Alpert withdrew until the petitioner decided to plead guilty, he could have filed pretrial motions through replacement counsel. In fact, the record shows Petitioner did file several motions after Ms. Alpert withdrew that the Court rejected. On April 7, 2010, Petitioner filed a pro se Motion to Dismiss, alleging, among other claims, that the possession statute required "the Primary Federal charge of . . . theft of a firearm from a license [sic] dealer." *Id.*, Docket Entry No. 48-2. The Court denied the Motion to Dismiss, directing Petitioner to make any future claims through his newly appointed counsel, Mr. Buckholts. *Id.*, Docket Entry No. 51. Petitioner then filed a pro se writ of mandamus that was denied by the Sixth Circuit Court of Appeals on June 28, 2010, two days before his plea hearing. *Id.*, Docket Entry No. 57.

Second, during those two months, the petitioner could also have obtained "accurate" information from his new attorney. Ms. Alpert was not around when the petitioner chose to plead guilty in order to obtain a lesser sentence. Thus, she could not have "coerced" petitioner into accepting an excessive sentence. Accordingly, at the very least, the petitioner could not have been prejudiced by Ms. Alpert's perceived deficiencies. For that reason, the Court finds that the petitioner has failed to

7

demonstrate that he was denied the effective assistance.

## IV. Conclusion

The Court finds that petitioner's claims have either been waived or lack merit. Consequently, there is no reason to vacate, set aside or correct petitioner's sentence. His motion, therefore, lacks merit and will be denied.

An appropriate order will be entered.

                                      John T. Nixon
                                      Senior District Judge